J-A21016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MAKEBA TAYLOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOTS FOR SALE, LLC | : | |
| | : | |
| Appellant | : | No. 141 EDA 2020 |

Appeal from the Judgment Entered January 14, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 171000709

BEFORE:  LAZARUS, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                **FILED SEPTEMBER 29, 2020**

Appellant, Lots for Sale, LLC ("Lots for Sale"), appeals from the Judgment entered on January 14, 2020, in favor of Appellee, Makeba Taylor ("Taylor"), following a non-jury trial in a negligence action. Lots for Sale challenges the trial court's denial of its Post-Verdict Motion for Judgment Notwithstanding the Verdict ("JNOV"). After careful review, we affirm.

We state the facts as construed in Taylor's favor as the non-moving party in the underlying Motion for JNOV. On April 14, 2017, Taylor fell and was injured when she stepped into a two-inch drop-off on the sidewalk in front of Lots for Sale's property on Kerbaugh Street in Philadelphia. The sidewalks on the properties surrounding Lots for Sale's property were in good condition, and Taylor had not seen the broken portion of the sidewalk before her fall.

Taylor filed a lawsuit against Lots for Sale seeking to recover compensatory damages for her fall-related injuries. On October 19, 2018,

following an arbitration hearing, a board of arbitrators found in Taylor's favor and awarded her $24,652.67 in compensatory damages.

On November 15, 2018, Lots for Sale filed an appeal from the arbitration verdict. The Court of Common Pleas held a non-jury trial on August 1, 2019. Taylor testified consistent with the above recitation of facts, and the trial court found Taylor's testimony to be credible. Taylor also introduced into evidence several pictures of the sidewalk where she fell, including one that showed that the drop-off in the sidewalk existed for more than two-and-a-half years before her fall. At the conclusion of trial, the court found in Taylor's favor, apportioned liability 80% to Lots for Sale and 20% to Taylor, and awarded Taylor compensatory damages in the molded amount of $25,000.[1]

On August 12, 2019, Lots for Sale filed a post-trial Motion for JNOV, arguing, *inter alia*, that Taylor failed to carry her burden to prove that Lots for Sale breached its duty to her under the Restatement (Second) of Torts § 342 ("Section 342"), discussed *infra*.

The trial court denied Lots for Sale's Motion on November 25, 2019. The court found that, based on the pictures admitted at trial, "[t]he age and condition of the sidewalk vis-à-vis the other sidewalks clearly establishes that the owner of the lot should have known of the condition of the property." Trial

---

[1] The trial court awarded Taylor $32,652 in compensatory damages. It reduced the award proportional to Taylor's negligence, molding it to $26,122. Before trial, Taylor had filed a stipulation to limit money damages pursuant to Pa.R.C.P. 1311.1, so the court again molded Taylor's award, to $25,000.

Ct. Op., 11/25/19, at 7. The court likewise reasoned that Taylor credibly testified that she did not know of the sidewalk's condition before she fell. ***Id.***

Lots for Sale filed a Notice of Appeal on December 24, 2019, and the trial court entered Judgment on January 14, 2020.[2] Lots for Sale raises the following issue on appeal:

> Should the Superior Court reverse the decision of the [t]rial [c]ourt to deny [Lots for Sale's] Motion [for] JNOV?

Appellant's Br. at 6.

In an appeal from the trial court's decision to deny JNOV, we must consider the evidence, together with all reasonable inferences drawn therefrom, in the light most favorable to the verdict winner. ***A.Y. v. Janssen Pharmaceuticals Inc.***, 224 A.3d 1, 11 (Pa. Super. 2019). We will reverse a trial court's denial of JNOV only when we find an abuse of discretion or an error of law that controlled the case's outcome. ***Id.***

In every negligence action, the plaintiff must prove, by a preponderance of the evidence, that the defendant breached a duty it owed to the plaintiff, and the plaintiff suffered damages as a result. ***Wilson v. PECO Energy Co.***, 61 A.3d 229, 232 (Pa. Super. 2012). A property possessor's duty varies depending on the injured person's right to be on the property. ***Truax v. Roulhac***, 126 A.3d 991, 997 (Pa. Super. 2015).

---

[2] Pursuant to Pennsylvania Rule of Appellate Procedure 905(a)(5), we treat Appellant's premature notice of appeal as if filed on the day the court entered judgment.

A pedestrian walking on a public sidewalk is a licensee of the property possessor. ***Alexander v. City of Meadville***, 61 A.3d 218, 221 (Pa. Super. 2012). A property possessor's duty to a licensee is governed by the Restatement (Second) of Torts § 342, which states:

> A possessor of land is subject to liability for physical harm caused to licensees by a condition of the land if, but only if,
>
> > (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and
> >
> > (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and
> >
> > (c) the licensees do not know or have reason to know of the condition and the risk involved.

Restatement (Second) of Torts § 342. ***See Sharp v. Luska***, 269 A.2d 659 (Pa. 1970) (adopting the language of Section 342 as Pennsylvania law).

Lots for Sale argues that, (1) Taylor failed to introduce sufficient evidence to prove that it knew or should have known of the two-inch drop-off in its sidewalk to satisfy the first prong of Section 342, and (2) Taylor knew or should have known that the drop-off existed and posed a risk of harm to her, preventing her from recovering pursuant to the third prong of Section 342. Appellant's Br. at 16-23. We disagree.

Viewed in the light most favorable to Taylor as the non-moving party, the evidence admitted at trial establishes the following: (1) the sidewalk on Lots for Sale's property contained an approximately two-inch drop-off for, at

least, two-and-a-half years before Taylor's fall. N.T. Trial, 11/25/19, at 96; (2) Lots for Sale did not take any action to remedy the drop-off in its sidewalk before Taylor's fall. *Id.* at 97; (3) Lots for Sale did not take any action to warn licensees about the drop-off in its sidewalk before Taylor's fall. *Id.*; (4) as of April 2017, the sidewalks on the properties surrounding Lots for Sale's property were in good condition. *Id.* at 93; and (5) Taylor was not aware of the drop-off in Lots for Sale's sidewalk before her fall. *Id.* at 14, 16.

Based on the above, we agree with the trial court's finding that "[t]he age and condition of the sidewalk vis-à-vis the other sidewalks clearly establishes that [Lots for Sale] should have known of the condition of the property[,]" and licensees would "not have reason to know of the condition and risks involved" in walking "from a nice smooth walk to a crumbled up walk." N.T. Trial, 8/1/19, at 93, 97; Trial Ct. Op., 11/25/19, at 7. Thus, Taylor introduced sufficient evidence at trial to establish Lots for Sale's duty pursuant to Section 342, and we discern no abuse of discretion or legal error in the trial court's decision to deny Lots for Sale's post-trial Motion for JNOV.

Affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/29/20

- 5 -